UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-57-FDW
(3:12-cr-188-FDW-DSC-13)

| | |
|---|---|
| NATHANIEL GRAHAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on *pro se* Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Doc. No. 1).

### I. BACKGROUND

Petitioner was charged in a 28-defendant conspiracy involving the United Bloods Nation gang. A jury convicted Petitioner of conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d) and conspiracy to commit murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(5). (3:12-cr-188 ("CR") Doc. No. 494). Petitioner was sentenced to a total of 240 months of imprisonment (240 months for the RICO conspiracy and 120 months for the conspiracy to commit murder, concurrent) followed by three years of supervised release. (CR Doc. No. 837).

On direct appeal, Petitioner argued that he was entitled to judgment of acquittal because the Government did not prove his involvement in a conspiracy beyond a reasonable doubt and that the Court plainly erred in failing to instruct the jury on withdrawal from a conspiracy. The Fourth Circuit Court of Appeals affirmed, finding that there was substantial evidence to support the jury's

1

verdict and that the Court committed no error in charging the jury. United States v. McIntyre, 639 F. App'x 171 (4th Cir. 2016).

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on May 7, 2017, case number 3:17-cv-260-FDW. He argued that counsel was ineffective for failing to object that there was no evidence that he committed two predicate acts constituting a pattern of racketeering activity to support the conspiracy conviction.[1] The Court denied relief because the Fourth Circuit found on direct appeal that there was substantial evidence to support the verdict, and because his claim is based on a legally unsound premise: "Petitioner's contention that the evidence to support his RICO conspiracy conviction was insufficient because the Government failed to prove that he committed two predicate acts, even if true, does not undermine his RICO conspiracy conviction because such proof was not required to prove that offense." Graham v. United States, 2018 WL 1718256 (W.D.N.C. April 9, 2018). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. United States v. Graham, 735 F. App'x 95 (4th Cir. 2018).

Petitioner filed the instant § 2241 Petition on January 21, 2020.[2] He argues that he is actually innocent of RICO conspiracy because the jury returned a general verdict which makes it impossible to discern the two predicate acts upon which the jury based its finding of guilt; and Petitioner is actually innocent pursuant to United States v. Wheeler, 868 F.3d 415 (4th Cir. 2018) and Rehaif v. United States, 139 S. Ct. 2191 (2019) because, without two predicates, the Government did not prove *mens rea* via a pattern of racketeering activity. He further argues that he is actually innocent of the 240-month sentence for the conspiracy count because the general verdict is insufficient to support his conviction of that offense.

---

[1] A Motion to Amend to add three more claims was denied as untimely.
[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

2

The Government filed a Motion to Dismiss, (Doc. No. 7), arguing that the Petition should be dismissed for lack of jurisdiction because he has previously challenged the sufficiency of the evidence and he has failed to identify a change in settled law establishing that his conduct is not criminal.

Petitioner filed a Response, (Doc. No. 11), arguing that he has never previously raised these grounds and that the Fourth Circuit, in Braswell v. Smith, 952 F.3d 441 (4th Cir. 2020), changed the substantive law after Petitioner's direct appeal and § 2255 proceedings were complete.

The Government filed a Reply, (Doc. No. 12), arguing that Braswell did not change any settled law of the Fourth Circuit or United States Supreme Court and only addressed the procedural issue of a court's jurisdiction to entertain a sentencing challenge pursuant to § 2241 and, in any event, Petitioner cannot satisfy that standard.

**II.     DISCUSSION**

The legality of a conviction or sentence must typically be challenged under 28 U.S.C. § 2255. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or sentence by filing petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if he demonstrates that that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). A petitioner must establish the following criteria to demonstrate that § 2255 is inadequate or ineffective to test the legality of a conviction:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

3

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because ... an individual is procedurally barred from filing a § 2255 motion." Vial, 115 F.3d at 1194 n.5; Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). The petitioner bears the burden of presenting evidence that affirmatively shows that the § 2255 remedy is inadequate or ineffective. In re Eidson, 129 F.3d 1259 (4th Cir. 1997); Hood v. United States, 13 F. App'x 72 (4th Cir. 2001). The savings clause is jurisdictional and cannot be waived. United States v. Wheeler, 886 F.3d 416, 423 (4th Cir. 2018).

Petitioner has failed to demonstrate that the savings clause applies to his case. Petitioner has previously argued that the evidence did not establish his guilt of RICO conspiracy beyond a reasonable doubt. The Fourth Circuit denied relief on direct appeal, finding that there was substantial evidence of his guilt of conspiracy, and this Court denied his claim that counsel was ineffective for failing to object that there was no evidence that he committed two predicate acts constituting a pattern of racketeering activity to support the RICO conspiracy conviction.

Petitioner now attempts to challenge the sufficiency of the evidence to support his RICO conspiracy conviction yet again. However, none of the cases upon which he relies represent a change in settled law establishing that his conviction or sentence is not criminal. The law still provides that the Government need not allege or prove the actual completion of a racketeering act by the defendant or any other member of the conspiracy to prove a violation of § 1962(d). See Salinas v. United States, 522 U.S. 52, 63 (1997) ("There is no requirement of some overt act or specified act in [§ 1962(d)], unlike the general conspiracy provision applicable to federal crimes ... [and] [a] conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense."); United States v. Cornell, 780 F.3d 616, 624 (4th Cir.

4

2015) (same); United States v. Jones, 795 F. App'x 889 (4th Cir. 2019) (unpublished) (same). Nor has the law changed with regards to the *mens rea* required to establish a § 1962(d) violation. Id.

For instance, in Wheeler, the Fourth Circuit issued an *en banc* opinion finding that fundamental *sentencing* errors can warrant relief under the savings clause if a petitioner can satisfy a four-part test announced in that opinion. In the instant case, Petitioner is challenging his RICO conspiracy conviction. His sentencing claim is peripheral to the challenge to the conviction, *i.e.*, because he is innocent of RICO conspiracy, the 240-month sentence for that offense cannot stand. Petitioner's challenge to the RICO conspiracy conviction is meritless, and therefore, his challenge to the 240-months sentence for that offense likewise fails and his reliance on Wheeler is unavailing.

Similarly, in Braswell, a panel of the Fourth Circuit held that, under Wheeler, it is the *retroactive* change, and not just the change, in settled law that renders a sentence fundamentally defective and triggers the savings clause. As previously explained, Wheeler does not apply to Petitioner's case and no change in substantive law invalidates Petitioner's conviction. Braswell does not change substantive Fourth Circuit law and is inapplicable to Petitioner's case.

Finally, in Rehaif, the United States Supreme Court held that, in a prosecution under §§ 922(g) and 924(a)(2), the Government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Petitioner was convicted of RICO conspiracy and conspiracy to commit murder in aid of racketeering activity. He was not convicted of any § 922(g) offense and therefore Rehaif does not apply.

Petitioner has failed to satisfy the savings clause and, therefore, the § 2241 Petition will be dismissed for lack of jurisdiction.

 III. CONCLUSION

For the reasons stated herein, the Government's Motion to Dismiss is granted and the instant § 2241 Petition is dismissed for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. The Respondent's Motion to Dismiss, (Doc. No. 7), is **GRANTED**.

2. Petitioner's § 2241 Petition, (Doc. No. 1), is **DISMISSED** for lack of jurisdiction.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: August 19, 2020

Frank D. Whitney
United States District Judge